SCHOELEN, Judge,
concurring:
Though I concur in the majority’s ultimate holding, I respectfully dissent from the part of the decision that discusses interest as profit to be excluded from the calculation of income for improved pension payments under 38 C.F.R. § 3.272(e). The majority states that it is clear from the context of the regulation implementing the statutory exclusion of “profit from the disposition of property” that interest in all other forms that could be realized from the disposition of property is considered “profit.” Though the regulation specifically distinguishes “interest from deferred sales” from profit, I believe that this discrete exclusion is not demonstrative that interest was contemplated to be included in the definition of “profit.” The interest cited is simply an example of a type or portion of profit — i.e., profit received in excess of the sales price — that VA contemplated as likely to result from a sale of property. I believe that the regulation drafters were focusing on profits above the sales price, not necessarily on interest as profit.
Rather, I find the statute and regulation to be ambiguous as to the precise definition of “profit” and how interest received from the redemption of U.S. Savings Bonds is to be classified. This Court has previously held that when a regulatory term is found to be ambiguous and there is no clear regulatory history to shed light on its meaning, interpretive doubt is to be resolved in the veteran’s favor. See Otero-Castro v. Principi 16 Vet.App. 375, 380 (2002) (citing Brown v. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994)). A search of statutory and regulatory history does not reveal how Congress or the agency intended interest received from the redemption of U.S. Savings Bonds should be classified. Furthermore, precedent opinions from VA’s General Counsel do not attempt to address this issue, though precedent opinions have been issued on similar issues, such as gifts and inheritances. See, e.g., G.C. Prec. 4-89. Likewise, VA’s Adjudication Procedure Manual does not specify how this type of interest is to be classified, although it does classify certain other payments such as interest on individual retirement accounts (IRA), IRA withdrawals, insurance dividends, cashed-in life insurance policies, etc. See VA Adjudication Procedure Manual M21-1, Part IV, ¶ 16.41. Inasmuch as the term “profit” with regard to interest is ambiguous and there is not statutory or regulatory history to shed light on its meaning, I believe that interpretive doubt should be resolved in favor *232 of the appellant. Therefore, I concur with the result.